(No. 4367-)

GRACE B. CAMMON, WIDOW, ET AL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 8, 1951.*

THOMAS E. KLUCZYNSKI AND THOMAS A. KEEGAN, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, Grace B. Cammon, is the widow of Clifford C. Cammon, deceased, who was employed on Octo-

ber 19, 1950, as an arbitrator for the Industrial Commission of the State of Illinois. The decedent was married to the claimant, and, at the time of the accident, was 54 years of age, and left no dependent children. His earnings for the year preceding his death were $6,276.00.

The decedent resided at Olney, Illinois, and on the date of October 19, 1950, was enroute to Staunton, Illinois, where he was to hear cases as an arbitrator. While the decedent was driving down the highway, near Breese, Illinois, he evidently lost control of his car, which overturned, and he was killed.

There are no jurisdictional questions involved, and there is no question but that this was an accident arising out of and in the course of decedent's employment.

Claimant is, therefore, entitled to an award under the Workmen's Compensation Act in the amount of $6,000.00.

An award is, therefore, made in favor of the claimant, Grace B. Cammon, in the amount of $6,000.00, which is to be paid to her as follows:

$742.50 which has accrued to June 7, 1951, and is payable forthwith; The balance of $5,257.50 to be paid in weekly installments at the rate of $22.50 per week commencing on June 14, 1951, for a period of 233 weeks with one final payment of $15.00.

An award is also entered in favor of William J. Cleary and Company for stenographic services in the amount of $19.60, which is payable forthwith. The Court finds that the amount is a fair, reasonable and customary charge, and said claim is allowed.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."